PENACHIO MALARA, LLP  HEARING DATE & TIME:
245 Main Street, Suite 450  FEBRUARY 22, 2023 at 9:00 AM
White Plains, New York 10601
(914) 946-2889
Anne Penachio, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
In re:

                                                               CHAPTER 13
      NAOMI K. GOODMAN,
                                                             CASE NO.: 22-22703-cgm

                                                           Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**THE DEBTOR'S OPPOSITION TO THE TRUSTEE'S
MOTION TO DISMISS HER CHAPTER 13 CASE**

**TO:**      **THE HONORABLE CECELIA G. MORRIS
UNITED STATES BANKRUPTCY JUDGE:**

      **NAOMI K. GOODMAN**, the above-captioned debtor (the "Debtor"), by her attorneys, **PENACHIO MALARA, LLP**, submits this opposition to the Chapter 13 Trustee's Motion to Dismiss her case and respectfully represents as follows:

**BACKGROUND**

      1.     On September 17, 2022, the Debtor filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York. An order for relief was simultaneously entered therewith pursuant to Section 301 of the Bankruptcy Code.

      2.     The Debtor filed for Chapter 13 relief on an emergency basis to stay a tax foreclosure action on her home 136 Madison Road, Scarsdale, New York (the "Home").

      3.     The Home is the Debtor's primary asset. It is her family homestead where she was raised by her grandmother after the death of her mother. The Home is in substantial

1

disrepair and has been the subject of contested municipal fines asserted by the Village of Scarsdale ("Scarsdale"). Scarsdale maintains that the Home is a blight on the community and needs to be remediated immediately.

4. The Debtor suffers from various serious developmental disabilities. Although she is highly intelligent, she requires substantial assistance with organization. The Debtor has extreme difficulty completing what could be considered simple day-to-day tasks like paying a bill, arranging for insurance coverage, obtaining a tax transcript, and attending to maintenance of the Home. The Debtor does not have a computer and is limited in her ability to use her phone.

5. The Debtor does not have a social security card or any photo identification. However, she does have a college transcript and a birth certificate. The Debtor has been stymied in her efforts to obtain identification. As such, the Trustee has been unable to conduct a 341 meeting of creditors.

6. Due to her developmental disabilities, the Debtor has been unable to complete the Credit Counseling course notwithstanding counsel's efforts to assist her. The Debtor is adamant that she wishes to complete the course herself. Counsel has moved for extensions on the Debtor's behalf.

7. Upon information and belief, the Debtor had been approved to receive resources from New York State. However, she was not receiving the services she qualified for. Following this Court's order to show cause dated on or about December 15, 2022, the NY State Office for People with Developmental Disabilities ("OPWDD") appeared and indicated, in sum and substance, that "Community Habilitation and Self Direction services" would be provided through Tri-County, a private care manager. See Exhibit A.

8. Upon receipt of OPWDD's correspondence, the undersigned contacted the

representative assigned to the Debtor at Tri-County. With the Debtor's permission, counsel advised Tri-County of the pending matters and enumerated what is required of the Debtor in Chapter 13. Counsel also informed Tri-County of the issues regarding the Home and Scarsdale.

9. Scarsdale requested a conference regarding the condition of the Home with the Scarsdale Justice Court. A conference was held on or about January 11, 2023. At the conference, I explained what was going on in the bankruptcy case. Judge Cynthia Dunne, Justice of the Scarsdale Village Court, adjourned the conference to 3 PM on March 8, 2023 and directed the Debtor to be present.

10. The Debtor has resources available to meet her obligations under Chapter 13 (her plan is a 100% plan) and any obligations to the Village. However, due to her disability, she is unable to address them.

11. The Debtor remains hopeful that she will receive the services that she requires in the near future and be able to meet her obligations. Counsel is doing everything possible to assist the Debtor in this regard.

**THE TRUSTEE'S MOTION TO DISMISS SHOULD BE DENIED OR DEFERRED**

12. The Trustee has moved to dismiss the Debtor's case on the following grounds:

   a. She failed to complete the required Credit Counseling Course;

   b. She failed appeared and be examined at a 341 meeting;

   c. She failed to commence making Chapter 13 plan payments;

   d. She failed to complete the Debtor Education course;

   e. She failed to file the Domestic Support Obligation form; and

   f. She failed to provide the Trustee with 2021 tax returns.

Each point will be discussed in turn.

3

13. As to point "a", the Debtor has moved to extend the time to complete the Credit Counseling course by motion filed on December 21, 2022. The Debtor is awaiting services from the State of New York to assist her. The Debtor does not have a computer and is limited in her ability to use her phone. While the undersigned has offered to assist the Debtor in completing Credit Counseling, she feels strongly that she wants complete the course herself. Now that the Debtor has been appointed a care manager, it is anticipated she will receive the assistance she needs to complete same.

14. As to point "b", the Debtor's 341 meeting was continued to March 10, 2023. The meeting could not be conducted because the Debtor does not have proper identification (ie social security card and photo id). With Tri-State's assistance, the Debtor is hopeful that she can obtain the requisite identification.

15. As to point "c", the Debtor has difficulty with organization. It is believed that the care manager will assist the Debtor in making payments to become current and also assist her in making the lump sum payment. As noted, the Debtor has sufficient resources (i.e. cash) to make payments.

16. As to point "d", the Debtor will complete the course after her credit counseling course. The Debtor is hopeful that her care manager will assist her.

17. As to point "e", the undersigned has prepared the Domestic Support Obligation form for the Debtor and will arrange for same to be signed.

18. As to point "f", the Debtor was not required to file tax returns for 2021. She has been provided with forms to obtain a tax transcript from the taxing authorities. However, she has been unable to process it due to her disabilities. Counsel remains hopeful that Tri-County can assist with this.

19. Based upon the foregoing, the Debtor respectfully requests that the Trustee's motion be denied or deferred. The Debtor requests additional time attend to her requirements under Chapter 13.

**WHEREFORE**, the Debtor respectfully requests that the Court deny the Trustee's motion or defer it and grant such further relief as is just and proper.

Dated: White Plains, New York
February 15, 2023

**PENACHIO MALARA, LLP**
/s/ Anne Penachio
Anne Penachio, Esq.
Attorney for the Debtor
245 Main Street, Suite 450
White Plains, NY 10601
(914) 946-2889